IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARK GAINES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:14-cv-90 |
| ROBERT MCDONALD, SECRETARY,[1] DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff, Mark Gaines ("Mr. Gaines" or "Plaintiff"), brings this action against the Secretary of the United States Department of Veterans Affairs ("VA"), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, 633a (2012). Before the Court is the VA's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 17.) For the reasons that follow, the Court grants the VA's motion.

**I.    BACKGROUND**

In the fall of 2010, Mr. Gaines applied for a position as a respiratory therapist at a VA medical center located in Salisbury, North Carolina. (*See* ECF No. 18-2 at 17:2–4, 22–25.)

---

[1] Robert A. McDonald replaced Eric K. Shinseki as Secretary of the Department of Veterans Affairs. Under Rule 25(d) of the Federal Rules of Civil Procedure, Mr. McDonald is automatically substituted as the defendant in this action. "[A]ny misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

The job description for this position stated, among other things, that the person selected would be subject to a one-year probationary period. (ECF No. 18-8 at 3.) On February 25, 2011, the VA offered Mr. Gaines a position as a respiratory therapist, with an effective appointment date of February 27, 2011. (ECF No. 18-10 at 1.) Consistent with the job description, the notification provided that Mr. Gaines would be subject to a one-year probationary period.[2] (*Id.*) As a respiratory therapist, Mr. Gaines' duties included, among other things, performing all aspects of respiratory care in accordance with established policies and procedures. (*See* ECF No. 18-7 ¶ 3; ECF No. 18-8 at 1.) During the probationary period, Mr. Gaines' supervisors, including David Capraun, were responsible for continuous evaluation of his work performance, suitability for employment, and fitness for government service. (*See* ECF No. 18-7 ¶¶ 4–6.)

In March 2011, Plaintiff expressed concern to Mr. Capraun about his pay. (ECF No. 18-2 at 59:21–24.) Specifically, Plaintiff believed that his salary grade was lower than others due to his age. (*See* ECF No. 20-1 at 20:12–22.) In July 2011, Plaintiff contacted an EEO counselor, and a few months later he filed a formal EEO complaint ("September 2011 EEO complaint"), alleging age discrimination based on his pay. (*Id.* at 24:9–11; ECF No. 18-3 ¶¶ 5–6.) On October 28, 2011, the VA dismissed Plaintiff's complaint. (ECF No. 18-4 at 2.)

On February 22, 2012, the VA notified Plaintiff in writing that he was being terminated, effective February 23, 2012, due to "failure to qualify during [his]

---

[2] The offer letter stated that Mr. Gaines was subject to a two-year probationary period; however, the parties all agree that the probationary period was one year, (ECF No. 18-7 at 3 n.1).

2

probationary/trial period." (ECF No. 18-28 ¶ 2.) His probationary period was set to expire on February 27, 2012. (ECF No. 18-7 ¶ 4). The letter stated that Plaintiff's termination was due to his "failure to follow policy and instructions, and inability to function appropriately during times of critical clinical intervention. This has negatively affected the efficiency of the service." (ECF No. 18-28 ¶ 2.) At the time of his termination, Mr. Gaines was 60 years old. (ECF No. 21 at 4.)

On February 27, 2012, Plaintiff contacted an EEO counselor concerning his termination. (ECF No. 18-3 ¶ 7.) In May 2012, he filed a second formal EEO complaint ("May 2012 EEO complaint"). (ECF No. 18-5 at 1.) On November 8, 2013, the VA issued its Final Agency Decision, finding no discrimination or retaliation. (ECF No. 18-6 at 1–2.) Mr. Gaines then filed this action on February 3, 2014, asserting two separate claims of relief. (*See* ECF No. 1 at 3–4.) His first claim alleges age discrimination based on disparate treatment in pay, and his second claim alleges retaliation. (*Id.*) The VA moves for summary judgment on both claims.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the litigation, and a dispute is "genuine" if the evidence would permit a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the nonmoving party bears the burden of proof on an issue, the moving party is entitled to judgment as a matter of law if the nonmoving party "fail[s] to make a sufficient showing on an essential element of her

3

case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that a "complete failure of proof" on an essential element of the case renders all other facts immaterial).

The party seeking summary judgment bears the initial burden of "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To defeat summary judgment, the nonmoving party must designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. The nonmoving party must support its assertions by citing to particular parts of the record, such as affidavits, depositions, answers to interrogatories, and admissions on file. Fed. R. Civ. P. 56(c)(1)(A); *Celotex Corp.*, 477 U.S. at 324.

The role of the court is not "to weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249. A genuine issue for trial exists only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted). When reviewing a motion for summary judgment, the court must "resolve all factual disputes and any competing, rational inferences in the light most favorable" to the nonmoving party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (quoting *Wightman v. Springfield Terminal Ry. Co.*, 100 F.3d 228, 230 (1st Cir. 1996)).

## III. DISCUSSION

### A. Plaintiff's Age Discrimination Claim

The VA first seeks summary judgment on Mr. Gaines' first claim of age discrimination based on disparate treatment in pay, arguing that the Court lacks subject matter jurisdiction in that Mr. Gaines failed to exhaust his administrative remedies or give proper notice to the EEOC of his intent to file suit on this claim.[3] (ECF No. 18 at 11.) Mr. Gaines has failed to address these arguments; rather, he goes directly to the merits of the claim.[4] (*See* ECF No. 21 at 5–7.)

Under the ADEA, federal government employees may seek redress for their claims of age discrimination in two ways. *Stevens v. Dep't of the Treasury*, 500 U.S. 1, 5 (1991). First, the employee may invoke the EEOC's administrative process and then proceed to federal district court if unsatisfied with that outcome. *Id.* Second, an employee may bypass the administrative route and file suit directly in federal district court, *id.* at 6, as long as the suit is brought within 180 days of the allegedly discriminatory act and the employee provides the EEOC with at least 30 days of notice before filing suit, 29 U.S.C. § 633a(d). If an employee opts to proceed through the administrative route, he must "initiate contact with a[n] [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R.

---

[3] The VA also requests that the Court dismiss this claim for lack of subject matter jurisdiction and for failure to state a claim because Mr. Gaines brought his ADEA claim under "29 U.S.C. § 621 et. seq.," which it contends applies to private employers, and that the ADEA provision applicable to this case is 29 U.S.C. § 633a. (ECF No. 18 at 10–11 n.3.) The Court will deny this request.

[4] *See Westry v. North Carolina A & T State Univ.*, 286 F. Supp. 2d 597, 600 (M.D.N.C. 2003) (holding that plaintiff's failure to address the defendant's argument that his discrimination claim was untimely is a concession that the claim is untimely), *aff'd,* 94 F. App'x 184 (4th Cir. 2004) (per curiam).

5

§ 1614.105(a)(1) (2015). An agency "shall dismiss" a complaint that fails to comply with this time limit. § 1614.107(a)(2). Such failure is also grounds for dismissal in federal court. *See Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 969–70 (4th Cir. 1985); *see also O'Loughlin v. Barnhardt*, 95 F. App'x 34 (4th Cir. 2004) (per curiam) (affirming district court's summary judgment dismissal of plaintiff's Title VII and ADEA claims because of plaintiff's untimely initiation of administrative review).

In March 2011, Mr. Gaines first expressed concerns regarding his pay, (ECF No. 18-2 at 59:21–24), and in July 2011, he contacted an EEO counselor regarding that concern, (ECF No. 18-3 ¶ 5). In September 2011, Mr. Gaines filed an EEO complaint which the VA dismissed on October 28, 2011, (*id.* ¶ 6), concluding that he had failed to initiate contact with an EEO counselor within 45 days of the date of the alleged discrimination, (ECF No. 18-4 at 1).[5] *See Gibbard v. Potter*, No. 5:05CV44, 2006 WL 305509, at *3 (W.D.N.C. Feb. 8, 2006) (holding that the plaintiff's age discrimination claim was not properly before the court because she did not initiate contact with the EEO counselor until 91 days after the alleged discrimination). Although Mr. Gaines could have completely bypassed the administrative process and proceeded to federal court in the first instance, to do so, he was required to file suit within 180 days of the alleged discriminatory act and provide the EEOC with at least 30

---

[5] Though the record contains evidence that Mr. Gaines attempted to appeal the VA's dismissal to the EEOC, (*see* ECF No. 18-4 at 20–22), he testified that he did not remember the September 2011 EEO complaint going before the EEOC, (*see* ECF No. 18-2 at 61:12–16), and there is no evidence in the record of a final decision from the EEOC.

days' notice before filing that suit.[6] Not only is there no evidence that Mr. Gaines provided the EEOC with such notice, but the suit was filed approximately three years after the alleged discriminatory conduct. Thus, this Court is barred from considering Mr. Gaines' age discrimination claim arising out of the September 2011 EEO complaint since he failed to satisfy any of the applicable statutory requirements for bringing such a claim to this Court. *Cf. Arellano v. Henderson*, 165 F.3d 910, 1998 WL 792233, at *1 (4th Cir. 1998) (unpublished table decision) (explaining that "[t]imely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII").

Nor can Mr. Gaines argue that his age discrimination claim survives because it is encompassed in his retaliation claim asserted in the May 2012 EEO complaint. It is well established that the "scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir 2009). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint" can be asserted in a subsequent lawsuit in federal court. *Id.* (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)). In his May 2012 EEO complaint, Mr. Gaines asserted that the basis for that complaint was "Retaliatory Termination for filing Age Discrimination Complaint." (ECF No. 18-5 at 1.) Nowhere in the complaint and attached

---

[6] Some courts have held that filing an initial EEO complaint with the agency is sufficient to satisfy the notice requirement to the EEOC. *See Gibbard*, 2006 WL 305509, at *4 (finding that the conclusions of "other Circuit Courts are persuasive on this topic"). *But see Rann v. Chao,* 346 F.3d 192, 198 (D.C Cir. 2003) ("§ 633a(d) clearly specifies that the 30-day notice is to go to the '*Commission*.'"). Although the Fourth Circuit has not spoken on this issue, the Court need not resolve it here because Mr. Gaines has not demonstrated that he filed this action within 180 days of the last discriminatory act. This claim would be barred under either the 30-day notice to the EEOC requirement or the 180-day time limitation.

7

documents does Mr. Gaines include facts that are reasonably related to a claim of pay discrimination or that would have led to a reasonable investigation of such a claim. Thus, this Court lacks jurisdiction to hear Mr. Gaines' age discrimination claim based on disparate treatment in pay, as a result of the May 2012 EEO complaint. *See Jones*, 551 F.3d at 301 (holding that the district court lacked subject matter jurisdiction where a charge alleges only retaliation but the allegations in the federal complaint included discrimination based on age, sex, and race); *Russell v. BSN Med., Inc.*, 721 F. Supp. 2d 465, 476 (W.D.N.C. 2010) (concluding that the court lacked jurisdiction to consider plaintiff's sexual harassment claim because the EEOC charge only referenced hostile working environment for complaining of sexual harassment).

Because Mr. Gaines failed to timely exhaust his age discrimination claim asserted in his September 2011 EEO complaint, he is barred from asserting that claim in this Court. To the extent he claims that the May 2012 EEO complaint includes such a claim, this Court lacks jurisdiction to address it.

**B. Plaintiff's Retaliation Claim**

In his second claim for relief, Mr. Gaines argues that the VA terminated him in retaliation for his complaints of age discrimination related to his pay. (ECF No. 21 at 7.) An employee can establish retaliation through direct evidence or by relying on the *McDonnell Douglas* burden-shifting framework. *See Foster v. Univ. of Maryland-Eastern Shore*, 787 F.3d 243, 249–50 (4th Cir. 2015).

1. Direct Evidence

Plaintiff first asserts that he has direct evidence of retaliation. In particular, he relies on a statement allegedly made by Mr. Capraun when Plaintiff told him of his intent to file an EEO complaint of age discrimination. Mr. Capraun allegedly stated, "I hope they don't label you a bad fit." (ECF No. 21 at 7.) The VA argues that this statement fails to show retaliatory intent and animus on the part of Mr. Capraun. The Court agrees.

Direct evidence is "evidence that the employer 'announced, admitted, or otherwise unmistakably indicated that [the forbidden consideration] was a determining factor.'" *Stover v. Lincoln Publ'g, Inc.*, 73 F.3d 358, 1995 WL 764180, at *2 (4th Cir. 1995) (unpublished table decision) (alteration in original) (quoting *Cline v. Roadway Express, Inc.*, 689 F.2d 481, 485 (4th Cir. 1982)). It is "evidence of conduct or statements that reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Id.* (quoting *Fuller v. Phipps*, 67 F.3d 1137, 1142 (4th Cir. 1995), *abrogated on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). "If believed, direct evidence 'would prove the existence of a fact . . . without any inference or presumptions.'" *Jordan v. Radiology Imaging Assocs.*, 577 F. Supp. 2d 771, 779 (D. Md. 2008) (quoting *O'Connor v. Consol. Coin Caterers Corp.*, 56 F.3d 542, 548 (4th Cir. 1995), *rev'd on other grounds*, 517 U.S. 308 (1996)).

Contrary to Mr. Gaines' argument, the Court is unable to conclude that Mr. Capraun's alleged statement is direct evidence of retaliation. The alleged statement was made before Mr. Gaines filed his September 2011 EEO complaint, and he was not terminated until February 2012, approximately five months later. Further, not only does the statement itself negate any retaliatory intent on the part of Mr. Capraun, but Mr. Capraun

also gave him a favorable performance review of "fully successful" in November 2011, (ECF No. 18-2 at 97). "While isolated statements can constitute direct evidence of discrimination, the statements must be contemporaneous to the adverse employment action." *McCray v. Pee Dee Reg'l Transp. Auth.*, 263 F. App'x 301, 306 (4th Cir. 2008); *see Loveless v. John's Ford, Inc.*, 232 F. App'x 229, 234 (4th Cir. 2007) (finding direct evidence when, during conversation in which employee was terminated, supervisor stated that he needed "younger, more aggressive Managers" and referring to another employee as "an F'n dinosaur" who was "next"); *Gott v. Town of Chesapeake Beach*, 44 F. Supp. 3d 610, 615–16 (D. Md. 2014) (finding direct evidence of discrimination when employer told plaintiff during a meeting that the reason for not rehiring her was that the company was "just looking for younger people"). Mr. Gaines has therefore failed to show that this statement is direct evidence of retaliation.

2. <u>McDonnell Douglas Framework</u>

In the absence of direct evidence, a plaintiff may rely on the *McDonnell Douglas* burden-shifting framework to prove retaliation. Under this framework, a plaintiff must first establish a prima facie case of retaliation by showing: (1) that he engaged in protected activity; (2) that his employer took an adverse action against him; and (3) that a causal relationship exists between his protected activity and the adverse action taken by his employer. *Foster*, 787 F.3d at 250. If the employee succeeds in establishing a prima facie case of retaliation, then the burden shifts to his employer to show a legitimate, non-retaliatory reason for the adverse action. *Id.* The burden then shifts back to the employee to rebut the employer's reasons by demonstrating that those reasons were not the real reasons but were pretextual. *Id.*

It is undisputed that Plaintiff engaged in protected activity in filing his September 2011 EEO complaint for age discrimination. (*See* ECF No. 18 at 16.) Also, the VA acknowledges that Plaintiff's termination constitutes a material adverse action. (*Id.*) However, the VA contends that Plaintiff has failed to establish a prima facie case of retaliation because there is no causal link between his protected activity and his termination. (*Id.* at 17–18.) Mr. Gaines asserts, without support, that there exists a sufficient causal connection between the two. (*See* ECF No. 21 at 10–13.) He then goes on to argue that the VA's proffered reasons for his termination were pretextual. (*Id.* at 11.)

The Fourth Circuit has recently addressed the differences in the standards of proof required to establish causation at the prima facie stage of a retaliation claim and later at the pretext stage under the *McDonnell Douglas* burden-shifting framework. The court stated that "the causation standards for establishing a prima facie retaliation case and proving pretext are not identical. Rather, the burden for establishing causation at the prima facie stage is 'less onerous.'" *Foster*, 787 F.3d at 251 (quoting *Williams v. Cerberonics, Inc.*, 871 F.2d 452, 457 (4th Cir. 1989)). However, once an employer has offered legitimate, non-discriminatory reasons for taking the adverse employment action, the burden shifts to the employee who then bears the ultimate burden of persuasion by establishing pretext—that is, the employee must prove that retaliation was the "but-for" cause of the adverse employment action. *Id.* at 252. In other words, the employee bears the burden of establishing that the employer's reasons were false and that retaliation was the "real reason" for the employer's actions. *Id.*

In this case, Plaintiff has failed to identify any evidence that demonstrates a causal connection between his complaints of age discrimination that led to the filing of the

11

September 2011 EEO complaint and his termination. "[A] causal connection for purposes of demonstrating a prima facie case exists where the employer takes adverse employment action against an employee shortly after learning of the protected activity." *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004). Here, Plaintiff first complained about his pay to his supervisor in March 2011 and later filed his EEO complaint in September 2011. Plaintiff was terminated in February 2012. There was a period of at least eleven months between Mr. Gaines' first grievances of pay discrimination and his termination. Further, it was more than five months of separation between his September 2011 EEO complaint and his termination. Such time periods have been found too attenuated to establish a causal connection. *See, e.g.*, *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (holding that a three-to-four-month separation between plaintiff's termination and claimed activities was "too long" to establish a causal connection); *Anusie-Howard v. Todd*, 920 F. Supp. 2d 623, 630 (D. Md. 2013) (holding that a five-month separation is "too remote to provide a nexus"); *Bittle v. Elec. Ry. Improvement Co.*, 576 F Supp. 2d 744, 755 (M.D.N.C. 2008) (holding that a seventeen- and seven-month period of separation is an insufficient "basis upon which to infer retaliation"). Mr. Gaines has failed to raise a genuine issue of material fact as to a causal link between his protected activity and termination. Accordingly, Mr. Gaines has failed to establish a prima facie showing of retaliation.

Even if, for the sake of argument, Mr. Gaines has made a prima facie showing of retaliation, the VA has offered legitimate, non-discriminatory reasons for Mr. Gaines' termination related to unsatisfactory work performance and conduct. Several VA employees submitted statements to Mr. Capraun pertaining to Mr. Gaines' failure to perform his job

12

duties at critical times.  These statements noted that Mr. Gaines was "ill prepared to provide oxygen" to a patient, that he failed to set up a machine for a patient who was being treated for respiratory failure, and that he had used incorrect equipment on a ventilator that was in use in the ICU.  (ECF No. 18-37 at 3; ECF No. 18-15 at 1; ECF No. 18-35 at 2–3.)  During a code blue event, Mr. Gaines challenged the decisions made by another VA employee who was in charge of the medical response.  (ECF No. 18-19 ¶ 8; ECF No. 18-21 at 1.)  In addition to his performance deficiencies, "Mr. Gaines was having negative interactions with the staff."  (ECF No. 18-19 ¶ 13.)  Ultimately, Sandra Fischer of human resources made the decision to terminate Mr. Gaines, testifying that the "big issue" was his "interaction with patients," they "questioned the care that he was delivering," and that the incidents before her were "pretty serious[] things" that "could have adversely affected a patient."  (ECF No. 18-39 at 204.)

Mr. Gaines does advance several arguments in support of his claim that the VA's reasons for terminating him were mere pretext.  First, Plaintiff argues that "he had not received any verbal counseling or written discipline prior to being terminated."  (ECF No. 21 at 11.)  Despite counseling not being a requirement under the regulations or the VA Handbook for probationary employees, *see* 5 C.F.R. §§ 315.803–.805 (2015);(ECF No. 18-11 at 5), the record shows that the VA considered an October 2011 incident as counseling, (*see* ECF No. 18-19 ¶ 7; ECF No. 18-20).  "Where there is evidence an employee has repeatedly failed to meet his employer's expectations, and yet the employer has refrained from taking certain disciplinary actions, the absence of discipline is weakly probative of adequate performance."  *Arthur v. Pet Dairy*, 593 F. App'x 211, 218 (4th Cir. 2015).  Second, Plaintiff

13

states, "Capraun did not interview Plaintiff during his informal investigation," (ECF No. 21 at 11); however, Mr. Gaines did provide Mr. Capraun with a written statement related to two incidents in early February 2012, (*see* ECF No. 18-14). Third, Mr. Gaines argues that Mr. Capraun's "investigation was flawed because he relied on false statements from his coworkers." (ECF No. 21 at 11.) There is no evidence, however, that his co-workers knew of his age discrimination complaints, and many have denied such knowledge, including the HR specialist involved in terminating Plaintiff, (*see* ECF Nos. 18-19 ¶ 17, 18-29 ¶ 9, 18-32 ¶ 9, 18-34 ¶ 10). *See Chika v. Planning Research Corp.*, 179 F. Supp. 2d 575, 589 (D. Md. 2002) (finding no causal connection between the alleged retaliatory harassment and complaints of racial discrimination "because there has been no showing that [plaintiff's] co-workers knew that he had engaged in protected activity"). Fourth, Mr. Gaines points out that Mr. Capraun, the person who recommended his termination, was the person who made the comment that Plaintiff would be labeled as a "bad fit" because of his September 2011 EEO complaint. (ECF No. 21 at 11.) However, Mr. Capraun was one of six individuals involved in the process of terminating him. (*See* ECF No. 18-7 ¶ 8; ECF No. 18-39 at 211.)

Mr. Gaines has failed to meet his burden of showing that the VA's real reason for his termination was retaliation rather than his unsatisfactory work performance and conduct as set forth in his termination letter. *See Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) (concluding that even if the employer's investigations were improper, it "does little to help [the employee] establish that the reasons given for her termination were not the actual reasons"). Accordingly, the VA's motion for summary judgment on Plaintiff's retaliation claim should be granted.

For the reasons outlined herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that the VA's Motion for Summary Judgment (ECF No. 17.) is GRANTED.

/s/ Loretta C. Biggs<br>United States District Judge